PER CURIAM.
The Florida Bar filed a complaint against Rodman, a member of the bar, charging him with wrongfully failing to turn funds over to a client. Rodman did not respond to the complaint and did not *1177 appear at the referee’s hearing. The referee recommended finding him guilty of violating disciplinary rules 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 1-102(A)(6) (engaging in conduct that adversely reflects on fitness to practice law), and 9-102(B)(4) (failing to promptly pay or deliver funds to a client) and article XI, rule 11.02(4) (trust account rule). As to discipline, the referee recommended that Rodman be disbarred * and that he not be eligible for readmission until he reimburses his client for $11,529.62 plus interest at twelve percent per annum.
Rodman requested an extension of time to respond to the referee’s report and recommendations, which this Court granted. No response has been forthcoming, however, and the bar has not contested the referee’s report. After reviewing this record, we find the referee’s recommendations to be amply supported and adopt them as our own.
Therefore, Mark H. Rodman is hereby disbarred, effective immediately. If he seeks reinstatement, it will not be allowed unless his former client has been reimbursed in addition to the other requirements for readmission. Judgment for costs in the amount of $585.97 is hereby entered against Rodman, for which sum let execution issue.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, McDonald, EHRLICH and SHAW, JJ., concur.

 The referee stated: "Although the Referee realizes that disbarment should be reserved only for extremely serious cases, it is the undersigned's belief that stealing a client’s funds warrants disbarment.”